JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JAMES EVERETT SHELTON

**(b)** County of Residence of First Listed Plaintiff  MONTGOMERY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

James Everett Shelton, Plaintiff Pro Se, 316 Covered Bridge Road, King of Prussia, PA 19406, 484-626-3942

## DEFENDANTS

BIZLENDER LLC

County of Residence of First Listed Defendant  BUCKS
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [x] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. 227 et. seq

Brief description of cause:
Violations of the TCPA

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   24,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____   DOCKET NUMBER _____

DATE
04/08/2022

SIGNATURE OF ATTORNEY OF RECORD
*James E. Shelton*

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 10/20)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JAMES EVERETT SHELTON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BIZLENDER LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (X)

| | | |
|---|---|---|
| 04/08/2022 | *James E. Shelton* | Pro Se |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 484-626-3942 | | jeshelton595@gmail.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

### Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 316 Covered Bridge Road, King of Prussia, PA 19406 _____

Address of Defendant: _____ 3220 Tillman Drive Suite 200, Bensalem, PA 19020 _____

Place of Accident, Incident or Transaction: _____ By phone call to Plaintiff's phone in King of Prussia, Pennsylvania _____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?                                  Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?          Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?                                           Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____ 04/08/2022 _____   *James E. Shelton*   Pro Se
                              Must sign here
                          *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.   *Federal Question Cases:***

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Patent
☐ 6.  Labor-Management Relations
☐ 7.  Civil Rights
☐ 8.  Habeas Corpus
☐ 9.  Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
       *(Please specify):* _____ TCPA, 47 U.S.C. 227 _____

**B.   *Diversity Jurisdiction Cases:***

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify):* _____
☐ 7.  Products Liability
☐ 8.  Products Liability – Asbestos
☐ 9.  All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ James Everett Shelton _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐  Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑  Relief other than monetary damages is sought.

DATE: _____ 04/08/2022 _____   *James E. Shelton*   Pro Se
                              Sign here if applicable
                          *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**James Everett Shelton**
**316 Covered Bridge Road**
**King of Prussia, PA 19406**
**(484) 626-3942**
**jeshelton595@gmail.com**

**Plaintiff, Pro Se**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**JAMES EVERETT SHELTON**
**316 Covered Bridge Road**
**King of Prussia, PA 19406**
            **Plaintiff**

     v.

**BIZLENDER LLC**
**3220 Tillman Drive, Suite 200**
**Bensalem, PA 19020**
          **Defendant**

No. _____

**COMPLAINT:**

Plaintiff, James Everett Shelton, brings this action against Defendant BIZLENDER LLC, and alleges based on personal knowledge and information, and belief, as follows:

**Preliminary Statement**

1.    Plaintiff James Everett Shelton ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that BIZLENDER LLC sent a series of telemarketing calls for the purposes of commercial solicitation by contacting Plaintiff's cellular telephone number listed on the National Do-Not-Call Registry, which is prohibited by the TCPA.

2.    Plaintiff never consented to receive any of these calls, which were placed to him for telemarketing purposes.

**Parties**

1

3.      The Plaintiff is JAMES EVERETT SHELTON ("Plaintiff"), a natural person, and resides

in King of Prussia, PA 19406, and is a citizen of the Commonwealth of Pennsylvania, and was

the individual who received the alleged phone calls in this case on his private mobile telephone,

and was a resident of Montgomery County, Pennsylvania during the calls.

4.      Defendant BIZLENDER LLC ("BizLender") is a limited liability company organized and

existing under the laws of the State of Delaware, and is registered in the Commonwealth of

Pennsylvania as a foreign limited liability company. BizLender maintains its principal place of

business and headquarters in the Eastern District of Pennsylvania, with an address of 3220

Tillman Drive, Suite 200, Bensalem, PA 19020.

5.      Defendant markets and sells, *inter alia*, loans and business financing to people in

Pennsylvania, and engages in telemarketing in this district, as it did with the Plaintiff.

### Jurisdiction & Venue

6.      This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims

pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs.,*

*LLC*, 556 U.S. 368, 372 (2012).

7.      This Court has personal and general jurisdiction over the Defendant because they have

repeatedly placed telemarketing calls to Pennsylvania residents with Pennsylvania telephone area

codes, and derive revenue from Pennsylvania residents, and they sell goods and services to

Pennsylvania residents, including the Plaintiff. The Defendant maintains its principal place of

business and headquarters in Bucks County, Pennsylvania and is therefore "at home" in this

judicial district.

8.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1)-(2) in that Defendant

conducts business in, and a substantial part of the events giving rise to Plaintiff's claims occurred

in Montgomery County, Pennsylvania, and Plaintiff was residing in the Eastern District of

Pennsylvania (in King of Prussia, PA) during all of the calls made by Defendant as alleged in

this action. Defendant maintains its headquarters and principal place of business in in Bucks

County, Pennsylvania and conducts business in this judicial district by calling Pennsylvania

citizens.

## Statutory Background
### The Telephone Consumer Protection Act

9.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the

telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing ...

can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L.

No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

### The National Do-Not-Call Registry

10.     The National Do Not Call Registry allows consumers to register their telephone numbers

and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47

C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the

registration is cancelled by the consumer or the telephone number is removed by the database

administrator." Id.

11.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations

to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R.

§ 64.1200(c)(2).

12.     The TCPA provides a private cause of action to persons who receive calls in violation of

§ 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

13.     A text message is considered a "call" under the TCPA. *Campbell-Ewald Co. v.*

*Gomez,* 136 S. Ct. 663 (2016).

**Factual Allegations**

14.     BizLender provides loans to companies.

15.     BizLender telemarketing efforts include calling telephone numbers that are registered on

the National Do-Not-Call Registry.

16.     In 2017, Defendant was sued in the United States District Court for the Northern District

of California for allegedly violating the TCPA in a lawsuit captioned *Abante Rooter and*

*Plumbing Inc v. BizLender LLC*, Case No. 3:17-cv-06863-MMC (N.D. Cal., Nov. 29, 2017). The

docket reflects that this action was settled in early 2019.

17.     At all times relevant hereto, Plaintiff maintained and used a cellular telephone line, with

phone number (484) 626-3942.

18.     At all times material hereto, Plaintiff was the subscriber of the telephone number (484)

626-3942 and paid his cell phone bill through T-Mobile.

19.     Plaintiff's phone number is his private cell phone number and is used by Plaintiff solely.

20.     At all times material hereto, Plaintiff's phone number was registered with T-Mobile as

his personal telephone number and not as a business number.

21.     Plaintiff's personal cellular telephone number is a "residential" telephone number that he

uses for various personal, family, and household purposes, such as sending and receiving emails,

timing food when cooking, sending and receiving text messages, calling friends and family while

at home, using the phone's alarm function to wake up in the morning, and for navigation

purposes.

22.     Plaintiff's personal cellular telephone number (484) 626-3942 has been registered on the

National Do-Not-Call Registry since June 26, 2015.

4

23.     Plaintiff registered his phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls and text messages. The calls prevented Plaintiff from using his phone for legitimate purposes.

24.     The Plaintiff has received at least fourteen (14) telemarketing calls between February 10, 2022 and April 5, 2022 to his personal cell phone number 484-626-3942, without his prior express written consent and not related to an emergency purpose, promoting working capital and/or financing services from Defendant BizLender.

25.     **Call 1:** On February 10, 2022 at 4:07 PM, the Plaintiff received a telemarketing call from phone number (215) 645-4899.

26.     The Plaintiff answered and was connected with "Mark Snyder" from BizLender.

27.     Upon learning that it was a telemarketer calling, the Plaintiff told Mr. Snyder he was busy and hung up the phone after approximately 14 seconds, without giving Defendant's agent permission to call back in the future.

28.     **Call 2 (text message):** On February 10, 2022 at 4:12 PM, Plaintiff received a text message from phone number (215) 309-4434.

29.     The text message read: "*Hi James. We are ready to formulate some funding options for your business.*"

30.     **Call 3 (text message):** On February 10, 2022 at 4:12 PM, Plaintiff received a text message from phone number (215) 309-4434, which read: "*Please send me business checking statements from November, December, January and our Docusign application*".

31.     **Call 4 (text message):** On February 10, 2022 at 4:12 PM, Plaintiff received a text message from phone number (215) 309-4434 which read: "*Looking forward to talking with you soon. Sincerely, Mark.snyder@bizlender.com, (201-547-1802)*".

**32.**    A true and correct screenshot from Plaintiff's phone showing these text messages is attached as Exhibit "1".

**33.**    **Call 5:** On February 10, 2022 at 5:10 PM, Plaintiff received a telemarketing call from phone number (215) 645-4899.

**34.**    Upon answering, Plaintiff received a scripted sales pitch about business funding from "Mark Snyder" who is a "Sr Funding Specialist" with BizLender.

**35.**    In order to confirm the caller's identity and his company's information, the Plaintiff feigned interest in Defendant's telemarketing pitch, and asked Mr. Snyder to send Plaintiff an e-mail, but Plaintiff did not consent to receive any calls back in the future.

**36.**    As a direct result of the telemarketing call, Mark Snyder, Mark.snyder@bizlender.com, contacted the Plaintiff by e-mail during the phone call at 5:16 attempting to get the Plaintiff to purchase BizLender's loan services. *See* Exhibit "2", a true and correct copy of said e-mail.

**37.**    **First DNC Request:** Approximately two (2) minutes after the telemarketing call ended, Plaintiff wrote to Defendant via e-mail to Mark.snyder@bizlender.com sent at 5:24 PM, telling Defendant "Please don't call again thanks."

**38.**    Approximately five (5) minutes later, Mr. Snyder e-mailed Plaintiff back "*Ok, no problem. If you change your mind just give us a call thanks!!*"

**39.**    On February 11, 2022 at 10:38 AM, Plaintiff wrote to Defendant via e-mail asking for evidence of his purported consent to receive telemarketing calls from Defendant. Plaintiff also requested that Defendant immediately place his phone number on Defendant's Do-Not-Call list and provide Plaintiff with a copy of Defendant's Do-Not-Call policy, telling Defendant "***Before I proceed with a formal claim, I wanted to give your company the opportunity to explain its actions***."

6

40.     The Defendant's agent Mr. Snyder wrote back at 11:09 AM: "Good Morning Jamie, We apologize for the inconvenience, right now you are on the DO NOT CALL list. Have a great weekend!!"

41.     Plaintiff then sent one final e-mail to Defendant at 11:13 AM advising that he intended to initiate litigation against Defendant for the phone calls.

42.     True and correct copies of this e-mail exchange between Mr. Shelton and Mr. Snyder are attached as Exhibit "3".

43.     Defendant was therefore on full notice that Plaintiff did not want to receive their sales calls.

44.     Defendant and its agents, however, continued placing sales calls to Plaintiff's personal cell phone number, which they knew they did not have consent to continue doing.

45.     **Call 6:** On March 11, 2022 at 9:38 AM, Plaintiff received a missed call which went to Plaintiff's voicemail from phone number (215) 645-4899.

46.     **Call 7:** On March 15, 2022 at 5:37 PM, Plaintiff received a sales call from phone number (215) 645-4899.

47.     Plaintiff answered, and was connected with a representative from BizLender, who then attempted to sell BizLender's loan services to the Plaintiff.

48.     Plaintiff hung up the phone without giving Defendant permission to call back.

49.     **Call 8:** On March 30, 2022 at 5:29 PM, Plaintiff received a telemarketing call from phone number (215) 645-4899.

50.     Plaintiff answered and spoke to "Andrew White" with BizLender, who attempted to sell BizLender's loan services to the Plaintiff.

51.     Plaintiff did not give Defendant's agent permission to call back in the future.

7

52.    As a direct result of the telemarketing call, Plaintiff received an e-mail at 5:35 PM from "Andrew White", andrew.white@bizlender.com. A true and correct copy of this e-mail is attached as Exhibit "4".

53.    **Calls 9-10**: On March 31, 2022 at 2:45 PM and 4:03 PM, respectively, Plaintiff received missed calls from phone number (215) 645-4899.

54.    Plaintiff avers that these calls were made for the purposes of commercial solicitation (in this case, attempting to get the Plaintiff to purchase BizLender's loan services).

55.    **Call 11:** On April 4, 2022 at 5:29 PM, Plaintiff received a telemarketing call from phone number (215) 645-4899.

56.    Upon answering, Plaintiff received a scripted sales pitch from Andrew White, a senior funding specialist with BizLender.

57.    **DNC Request:** Plaintiff told Mr. White that he did not want to receive any additional calls.

58.    **Calls 12-13:** On April 5, 2022 at 11:55 AM and 1:08 PM, respectively, Plaintiff received missed sales calls from phone number (215) 645-4899, which were both made by Defendant and/or Defendant's agents.

59.    **Call 14:** On April 5, 2022 at 3:40 PM, Plaintiff received a telemarketing call from phone number (215) 645-4899.

60.    **DNC Request:** Plaintiff answered, and then interrupted Defendant's sales pitch regarding business funding, telling BizLender's representative to stop calling him.

61.    These calls were all made for the purposes of advertising Defendant's loan and/or financial services to the Plaintiff.

8

62.     The following is a table detailing the telemarketing calls sent by Defendant to the

Plaintiff's personal cell phone number:

| Call Number: | Date: | Time | Caller ID: | Notes |
|---|---|---|---|---|
| 1 | 2/10/2022 | 4:08 PM | (215) 645-4899 | Call lasted 14 seconds. |
| 2 | 2/10/2022 | 4:12 PM | (215) 309-4434 | Text Message: "Hi James. We are ready to formulate some funding options for your business." |
| 3 | 2/10/2022 | 4:12 PM | (215) 309-4434 | Text Message: "Please send me business checking statements from November, December, January and our Docusign application" |
| 4 | 2/10/2022 | 4:12 PM | (215) 309-4434 | Text Message: "Looking forward to talking with you soon. Sincerely, Mark.snyder@bizlender.com, (201-547-1802) |
| 5 | 02/10/2022 | 5:10 PM | (215) 645-4899 | Telemarketing call, spoke with Mark Snyder from BizLender for 12 minutes. Received e-mail at 5:19 PM with DocuSign link. |
| DNC Request | 2/10/2022 | 5:24 PM | DNC Email | Emailed a Do Not Call request to Mark Snyder. He responded at 5:29 PM. |
| 6 | 3/11/2022 | 9:38 AM | (215) 645-4899 | Missed Call and voicemail with no actual message left, just background noise from an office/typing on a keyboard. |
| 7 | 3/15/2022 | 5:37 PM | (215) 645-4899 | Incoming call lasted 1 minute |
| 8 | 3/30/2022 | 5:29 PM | (215) 645-4899 | Telemarketing call, lasted 8 minutes. Spoke to "Andrew White". Received e-mail at 5:35 PM. |
| 9 | 3/31/2022 | 2:45 PM | (215) 645-4899 | Missed Call |

| 10 | 3/31/2022 | 4:03 PM | (215) 645-4899 | Missed Call |
| 11 | 4/4/2022 | 5:29 PM | (215) 645-4899 | Incoming call – lasted 2 minutes. Received e-mail from Andrew White from Bizlender at 5:35 PM. |
| 12 | 4/5/2022 | 11:55 AM | (215) 645-4899 | Missed Call |
| 13 | 4/5/2022 | 1:08 PM | (215) 645-4899 | Missed Call |
| 14 | 4/5/2022 | 3:40 PM | (215) 645-4899 | Lasted 25 seconds. Made DNC Request. |

63.   Plaintiff did not want or need a loan or any financing.

### Defendant Called Plaintiff without Consent; No Prior Existing Business Relationship

64.   Defendant did not have the Plaintiff's prior express written consent to make any of these telemarketing calls.

65.   Prior to these unsolicited telephone communications, the Plaintiff has never done any business with Defendant and Plaintiff never provided Defendant with his cellular telephone number.

66.   Plaintiff never submitted an application for financing with Defendant or any of its agents or vendors.

67.   Plaintiff has never directed anyone to submit any application for financing on his behalf with Defendant or any of its agents or vendors.

68.   Plaintiff never "opted-in" to receive telephone communications from Defendant or its agents/vendors.

69.   To the extent Defendant contends that they obtained consent or agreement from Plaintiff for the calls at issue here, the Telemarketing Sales Rule, 16 C.F.R. § 310.5(a)(5), requires that such records be maintained. In any event, consent is an affirmative defense under the TCPA, this defense is unavailable unless Defendant can show that they had prior express consent in writing,

and that they have otherwise complied with all of the requirements of 47 C.F.R. § 64.1200(c)(2),

including maintaining written procedures on national do-not-call rules, training personnel on

national do-not-call rules, maintaining an internal do-not-call list, and accessing the national do-

not-call database no more than 31 days prior to making any calls, and maintaining records

documenting such access. Defendant did not have prior express written consent to such calls

from Plaintiff.

70.     Defendant failed to provide a response of any kind or provide evidence of any purported

consent by Plaintiff to receive their calls, when asked in an e-mail on February 11, 2022.

71.     Plaintiff pays for each incoming and outgoing call on his telephone under an

unlimited calling arrangement, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

72.     Plaintiff received the calls on his private mobile telephone, as defined and set forth

in 47 CFR § 64.1200(a)(1)(iii). Plaintiff's telephone number is registered with T-Mobile as a

cellular telephone number and is used for personal purposes.

73.     These telephone solicitations constituted "calls" under the TCPA that were not for

emergency purposes.

74.     Defendant is not an organization exempt from the TCPA.

75.     Defendant's calls to Plaintiff were "telephone solicitations" as defined by the TCPA.

76.     Defendant's calls to Plaintiff were "unsolicited advertisements" as defined by the TCPA.

77.     Plaintiff was harmed by these calls. Plaintiff was temporarily deprived of legitimate use

of his phone because of the call/text notifications, and his privacy was improperly invaded.

Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were

a nuisance and disturbed the solitude of plaintiff. The calls caused Plaintiff's cell phone battery's

depletion, used up cellular data, and prevented Plaintiff from otherwise using his telephone for lawful purposes.

78.     In summary, Plaintiff received fourteen (14) telemarketing calls from Defendant, to Plaintiff's personal and residential cell phone number which is registered on the National Do-Not-Call list.

### Defendant Failed and/or Refused to Place Plaintiff's Number on Defendant's DNC List and Failed to Provide a DNC Policy

79.     Pursuant to 47 CFR § 64.1200(d)(3), a telemarketer is required, upon request, to honor "Do-Not-Call" requests from residential telephone subscribers.

80.     Plaintiff made a "Do-Not-Call request to Defendant in writing in an e-mail dated February 10, 2022, which Defendant received.

81.     Defendant and/or Defendant's agents persisted in placing telemarketing calls to the Plaintiff when they knew full well that Plaintiff did not want to receive their calls, and that he was not interested in their products or services.

82.     Upon information and belief, Defendant does not maintain an internal company "Do-Not-Call list" where DNC requests from consumers are recorded and honored.

83.     Upon information and belief, Defendant or Defendant's agents contacted Plaintiff at least nine (9) times without having implemented "Do-Not-Call" policies and procedures to avoid calling people who ask not to receive Defendant's calls.

84.     Plaintiff requested a copy of Defendant's "Do-Not-Call Policy" in an e-mail sent to Defendant on February 10, 2022.

85.     Defendant failed and/or refused to provide a copy of their Do-Not-Call compliance policy to Plaintiff.

**86.** Plaintiff avers that this is because Defendant does not have any DNC policies or procedures in place.

<strong><u>First Cause of Action</u></strong>
(Negligent Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227(c) et seq.)

**87.** Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

**88.** Defendant called Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls, for the purposes of commercial solicitation, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

**89.** Plaintiff was statutorily damaged at least fourteen (14) times under 47 U.S.C. § 227(c)(3)(F) by the Defendant by the telemarketing calls described above, in the amount of $500.00 per call.

**90.** As a result of Defendant's and Defendant's agents' violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

**91.** Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

<strong><u>Second Cause of Action</u></strong>
(Knowing and/or Willful Violation of the TCPA
"Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

**92.** Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

**93.** Defendant called Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls,

13

for the purposes of commercial solicitation, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

94.    Plaintiff was statutorily damaged at least fourteen (14) times under 47 U.S.C. § 227(c)(3)(F) by the Defendants by the telemarketing calls described above, in the amount of $500.00 per call.

95.    As a result of Defendant's and Defendant's agents' knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

**Third Cause of Action:**
(Negligent Violation of the TCPA's Implementing Regulations,
"Do Not Call List" Requirement, 47 C.F.R. 64.1200(d)(3)

96.    Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

97.    Defendant failed and/or refused to honor and record Plaintiff's Do-Not-Call requests.

98.    Defendant failed and/or refused to put Plaintiff's telephone number on Defendant's internal Do-Not-Call list after a written Do-Not-Call request e-mailed to Defendant on February 10, 2022.

99.    Defendant continued calling Plaintiff nine (9) additional times after Plaintiff's DNC request.

100.   As a result of Defendant's and Defendant's agents' negligent violations of 47 CFR § 64.1200(d)(3), Plaintiff seeks for himself $500.00 in statutory damages, pursuant to the implied private right of action.

**Fourth Cause of Action:**
(Knowing and/or Willful Violation of the TCPA's Implementing Regulations,

14

"Do Not Call List" Requirement, 47 C.F.R. 64.1200(d)(3)

**101.**    Plaintiff incorporates and realleges, as though fully set forth herein, each of the

paragraphs above.

**102.**    Defendant failed and/or refused to honor and record Plaintiff's Do-Not-Call requests.

**103.**    Defendant failed and/or refused to put Plaintiff's telephone number on Defendant's

internal Do-Not-Call list after a written Do-Not-Call request e-mailed to Defendant on February

10, 2022.

**104.**    Defendant continued calling Plaintiff nine (9) additional times after Plaintiff's DNC

request.

**105.**    As a result of Defendant's and Defendant's agents' knowing and/or willful violations of

47 CFR § 64.1200(d)(3), Plaintiff seeks for himself $1,500.00 in statutory damages, pursuant to

the implied private right of action.

### Fifth Cause of Action:
(Knowing and/or Willful Violation of the TCPA's Implementing Regulations,
"Failure to Provide Defendant's Do Not Call Policy", 47 C.F.R. 64.1200(d)(1)

**106.**    Plaintiff incorporates and realleges, as though fully set forth herein, each of the

paragraphs above.

**107.**    At all times material hereto, Defendant did not maintain an internal company "Do-Not-

Call policy".

**108.**    Defendant did not have a Do-Not-Call policy available for consumers, upon request.

**109.**    Plaintiff requested a copy of Defendant's Do-Not-Call Policy, but Defendant failed

and/or refused to provide it to Plaintiff.

**110.**    As a result of Defendant's and Defendant's agents' knowing and/or willful violations of

47 CFR § 64.1200(d)(1), Plaintiff seeks for himself $500.00 in statutory damages, pursuant to

the implied private right of action.

15

### Sixth Cause of Action:
(Knowing and/or Willful Violation of the TCPA's Implementing Regulations,
"Failure to Provide Defendant's Do Not Call Policy", 47 C.F.R. 64.1200(d)(1)

**111.**   Plaintiff incorporates and realleges, as though fully set forth herein, each of the

paragraphs above.

**112.**   At all times material hereto, Defendant did not maintain an internal company "Do-Not-

Call policy".

**113.**   Defendant did not have a Do-Not-Call policy available for consumers, upon request.

**114.**   Plaintiff requested a copy of Defendant's Do-Not-Call Policy, but Defendant failed

and/or refused to provide it to Plaintiff.

**115.**   As a result of Defendant's and Defendant's agents' knowing and/or willful violations of

47 CFR § 64.1200(d)(1), Plaintiff seeks for himself $1,500.00 in statutory damages, pursuant to

the implied private right of action.

### WHEREFORE, Plaintiff prays for relief against Defendant, as follows:
### I.      Prayer for Relief

On Counts 1-6:

1.   For awards of $500 for each negligent violation as set forth in Counts 1-6.

2.   For awards of $1,500 for each knowing and/or willful violation as set forth in Counts

1-6.

3.   Injunctive relief against Defendants, and each of them, to prevent future wrongdoing;

Total statutory damages: **$24,000.00** (Fourteen (14) counts of counts of "Sales call to a number

registered on the National Do-Not-Call Registry", one (1) count of "Failure to Provide Do-Not-

Call Policy" and one (1) county of "Failure to Put Plaintiff's Number on Defendant's Internal Do-

Not-Call list", with treble damages for each.)

16

4. Prejudgment interest at the maximum legal rate;

5. Costs of suit herein incurred; and

6. All such other and further relief as the Court deems proper.


## II.   **Demand for Jury Trial**

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: April 8, 2022

_____

James Everett Shelton
*Plaintiff, Pro Se*
316 Covered Bridge Road
King of Prussia, PA 19406
Phone: 484-626-3942
Jeshelton595@gmail.com

17

## <u>VERIFICATION</u>

I, JAMES EVERETT SHELTON, Plaintiff, Pro Se, verify that the facts set forth in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are subject to the penalties of 18 PA. C.S. § 4904 related to unsworn falsification to authorities.

Dated: April 8, 2022                                    _____
                                                        JAMES EVERETT SHELTON

18

# EXHIBIT 1



11:43

+1 (215) 309-4434 >

Text Message
Thu, Feb 10, 4:12 PM

Hi James. We are ready to formulate some funding options for your business.

4:12 PM

Please send me business checking statements from November, December, January and our Docusign Application

4:12 PM

Looking forward to talking with you soon. Sincerely, Mark.snyder@bizlender.com, (201-547-1802)

4:12 PM



# EXHIBIT 2

 Gmail

**Jamie Shelton <jeshelton595@gmail.com>**

## Working Capital
2 messages

**mark.snyder@bizlender.com** <mark.snyder@bizlender.com>    Thu, Feb 10, 2022 at 5:16 PM
Reply-To: mark.snyder@bizlender.com
To: jeshelton595@gmail.com

Hi James,

I would like to follow up on our conversation and your funding inquiry.

I am still waiting for the following documents to set some funding options for your business:

• Last 3 months of Business Bank Statements
• Our 1-page Docusign (I will send it to you as soon as I receive the statements)

Please let me know if you have any questions,

Thank you,



**Mark Snyder**
Sr Funding Specialist, BizLender
(855) 433-8641 | Ext 750// Fax (267) 590-2641 //
 | mark.snyder@bizlender.com
bizlender
3220 Tillman Drive Suite 200 | Bensalem, PA 19020

 Trustpilot

          

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for
the named recipient(s) only. If you have received this email by mistake, please notify the sender
immediately and do not disclose the contents to anyone or make copies thereof.

**Jamie Shelton <jeshelton595@gmail.com>**    Thu, Feb 10, 2022 at 5:24 PM
To: mark.snyder@bizlender.com

Please don't call again thanks.

[Quoted text hidden]

# **EXHIBIT 3**

Case 2:22-cv-01457-CDJ   Document 1   Filed 04/09/22   Page 29 of 37

 **Jamie Shelton <jeshelton595@gmail.com>**

## Working Capital

**Jamie Shelton** <jeshelton595@gmail.com>                              Thu, Feb 10, 2022 at 5:24 PM
To: mark.snyder@bizlender.com

> Please don't call again thanks.
>
> [Quoted text hidden]



**Jamie Shelton** <jeshelton595@gmail.com>
to mark.snyder

Feb 10, 2022, 5:24 PM   

Please don't call again thanks.

...



**Mark Snyder** <mark.snyder@bizlender.com>
to me

Feb 10, 2022, 5:29 PM

Ok, no problem. If you change your mind just give us a call thanks!!



Sender notified by
Mailtrack

...

--



**Mark Snyder**
Sr Funding Specialist, BizLender
(855) 433-8541 | Ext 750// Fax (267) 590-2641 //
| mark.snyder@bizlender.com
www.bizlender.com
3220 Tillman Drive Suite 200 | Bensalem, PA 19020

...



| Will do, thanks! | Will do, thank you. | Will do. |

 Gmail

Jamie Shelton <jeshelton595@gmail.com>

---

## Working Capital

**Jamie Shelton** <jeshelton595@gmail.com>                    Fri, Feb 11, 2022 at 10:38 AM
To: Mark Snyder <mark.snyder@bizlender.com>

Dear Mr. Snyder,

My name is James Shelton. I write regarding a telemarketing concern of mine. Yesterday, February 10, 2022, I received at least two (2) phone calls and three (3) text messages to my personal cellular telephone number, (484) 626-3942 from your company.

I did not provide my consent to your company to make telemarketing calls to me. My telephone number, 484-626-3942, is on the National Do Not Call List and the Pennsylvania Do Not Call List. According to the Telephone Consumer Protection Act ("TCPA"), it is illegal to make telemarketing calls to someone on the Federal Do Not Call List without first obtaining the express consent of the recipient.

Please forward to my attention all documents that evidence any purported consent to receive telemarketing calls from your company. Additionally, please immediately place my number 484-626-3942 on your Do-Not-Call list and provide me with a copy of your Do-Not-Call policy. **Before I proceed with a formal claim, I wanted to give your company the opportunity to explain its actions.** Please forward this information to my attention by e-mail (jeshelton595@gmail.com) by February 18, 2022.

Sincerely,

James Everett Shelton

[Quoted text hidden]

 Gmail

**Jamie Shelton <jeshelton595@gmail.com>**

---

## Working Capital

**Mark Snyder** <mark.snyder@bizlender.com>                              Fri, Feb 11, 2022 at 11:04 AM
To: Jamie Shelton <jeshelton595@gmail.com>

Good Morning Jamie,

We apologize for the inconvenience, right now you are on the DO NOT CALL list. Have a great weekend!!

 Sender notified by
Mailtrack

[Quoted text hidden]

 **Gmail**

**Jamie Shelton <jeshelton595@gmail.com>**

## Working Capital

**Jamie Shelton** <jeshelton595@gmail.com>
To: Mark Snyder <mark.snyder@bizlender.com>

Fri, Feb 11, 2022 at 11:13 AM

You should forward my email to your company's management to work this issue out prior to litigation being filed in Bucks County, PA.

[Quoted text hidden]

# **EXHIBIT 4**

 **Gmail**

Jamie Shelton <jeshelton595@gmail.com>

## Bizlender Andrew
2 messages

**Andrew White** <andrew.white@bizlender.com>
To: jeshelton595@gmail.com

Wed, Mar 30, 2022 at 5:28 PM

Hello Shelton

Thank you for the time on the phone just now.  As per the conversation, Below please find more information about our programs.

**As direct funders with all in-house underwriters, our formulas have proven to be successful in helping businesses increase their revenue.**

**We design our programs for businesses to be able to expand their operations while supporting our payback program without over-leveraging their performance.**

These are some of our main capital features:

- **We base our approvals on the most current performance of the business' last 3 months' bank account activity and can potentially fund within 1-2 business days.**
- **We don't require any collateral nor personal guarantees and we don't have any restrictions on our capital.**
- **We need at least 60% of the business ownership majority represented on the application for us to provide options.**
- **Our terms are 3-18 months with daily, weekly, or bi-weekly payment options depending on how the business model qualifies.**
- **Our price per dollar in our Factor Rates ranges from the teens up to 0.45 cents per dollar depending on how the business model scores with our in-house underwriters.**
- **If the approval amount is too much, it can work like a line of credit where you pay the rate only on the portion alone you choose to utilize.**
- **The Factor Rate cost of our capital is a tax write-off for the business expenses the following year.**
- **We do have early payment discounts depending on how early you pay off completely and never penalize at all for early payments in full.**

**In order for my in-house underwriters to provide exact term and rate options for your consideration, the items below are necessary:**

- **Last 3 Business Checking Account Statements.**
- **DocuSign Application (sent upon request) fully completed, dated, and signed.**
- **Last two Credit Card Merchant Statements. (If CC Processor)  .**

If you have any questions or concerns about our funding process, please don't hesitate to let me know right away.

Sincerely Andrew White

--
| **Andrew White**
| Sr Funding Specialist, BizLender



(855) 433-8641 | Ext 750 // Fax (267) 590-2641 // **Direct Line 201-547-1810**
| andrew.white@bizlender.com
www.bizlender.com
3220 Tillman Drive Suite 200 | Bensalem, PA 19020

 Trustpilot

   

IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If
you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make
copies thereof.

---

**Andrew White** <andrew.white@bizlender.com>                    Mon, Apr 4, 2022 at 5:40 PM
To: jeshelton595@gmail.com

Subject: Bizlender Andrew Documents Review
From: **Andrew White** <andrew.white@bizlender.com>
Date: Wed, Mar 30, 2022 at 5:28 PM

To: <jeshelton595@gmail.com>

Hello Shelton

Thank you for the time on the phone just now.  As per the conversation, Below please find more information
about our programs.

**As direct funders with all in-house underwriters, our formulas have proven to be successful in
helping businesses increase their revenue.**

**We design our programs for businesses to be able to expand their operations while supporting our
payback program without over-leveraging their performance.**

**In order for my in-house underwriters to provide exact term and rate options for your consideration,
the items below are necessary:**

- **Last 3 Business Checking Account Statements.**
- **DocuSign Application (sent upon request) fully completed, dated, and signed.**
- **Last two Credit Card Merchant Statements. (If CC Processor)  .**

If you have any questions or concerns about our funding process, please don't hesitate to let me know right
away.

Sincerely Andrew White

[Quoted text hidden]

PRESS

**Retail**

UNITED STATES POSTAL SERVICE

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

P

**US POSTAGE PAID**

**$8.95**

Origin: 92109
04/09/22
0567370109-9

**PRIORITY MAIL 2-DAY®**

0 Lb 13.20 Oz          1023

EXPECTED DELIVERY DAY: 04/12/22

RECEIVED
APR 1 2 2022

C019

SHIP
TO:
601 MARKET ST
RM 2609
PHILADELPHIA PA 19106-1732

**USPS TRACKING® #**



9505 5163 3461 2099 9807 62



- Expected delivery date
- Most domestic shipmen
- USPS Tracking® include
- Limited international ins
- When used international

*Insurance does not cover certain
Domestic Mail Manual at http://p
** See International Mail Manual

**FLAT RATE**
ONE RATE ■ ANY WEI

**TRACKED ■ INSURED**



PS00001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2



USPS.COM/PICKUP

**FROM:** James Everett Shelton
316 Covered Bridge Rd
King of Prussia, PA 19406

U.S.M.S.
X-RAY

RECEIVED
APR 1 2 2022

**TO:** Clerk U.S. District Court
EDPA
601 Market Street
Room 2609
Philadelphia, PA 19106

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.